MAGNESS *v.* MOSS.

4-6598                          158 S. W. 2d 262

Opinion delivered February 2, 1942.

*John H. Shouse, Merle Shouse* and *J. Loyd Shouse,* for appellant.

HOLT, J.  Appellant, Lydia Magness, brought suit in the Boone chancery court against Walter Moss, H. Burlison, and R. W. Milum, Jr., assessor, collector and county clerk, respectively, of Boone county, and Guy Young, Frank Cheatham, and J. T. Sexton, assessor, collector and county clerk, respectively, of Newton county.  She alleged in her complaint that she was then, and all of her life had been, residing and domiciled in Western Grove, Newton county, Arkansas; that her principal business is buying, feeding, grazing and selling livestock, and in connection with this business, she owns a farm and grazing land in Newton, Boone and Searcy counties, Arkansas; that a part of her farm lies, in each of said counties, being crossed by county lines; that there are no fences and her livestock freely ranges from one county to another.

She further alleged that she lists and assesses all of her livestock in Newton county and pays all taxes thereon to the proper officials in, and for, Newton county.

She further alleged that after the period of assessment of her livestock for 1940 had expired, appellee, Walter Moss, in his official capacity as assessor for Boone county, assessed some of her livestock and other items of personal property in Boone county; that all of her personal property was properly assessed in Newton county, and is not subject to assessment and taxation in Boone county; that Newton county is the only county in which she should be required to assess her personal property and pay the taxes thereon.

She prayed that the taxing authorities in Boone county be permanently enjoined from assessing any of her personal property for 1940 in that county and from

attempting to collect any personal property tax thereon, and that the court declare Newton county, the place of her residence, to be the proper place for assessing and collecting the tax on all of her personal property.

The Newton county officials filed separate answer, alleging that appellant "owes taxes on the personal property set out in her complaint to Newton county, Arkansas, for the year 1940" and that her personal property should be assessed, and the tax paid thereon, in Newton county.

The Boone county officials questioned the jurisdiction of the trial court by demurrer and answered alleging that the Boone county assessment made by appellee, Walter Moss, was proper and a valid assessment.

Upon a trial, the court overruled appellee's demurrer, but found the issues for appellees and dismissed appellant's complaint for want of equity. This appeal followed.

The question for determination here is: Where, on the facts before us, should appellant's livestock (tangible personal property) be assessed and where should the taxes thereon be paid?

The undisputed facts are that appellant, Mrs. Lydia Magness, has her domicile and permanent residence in Western Grove in the northeast corner of Newton county near the Newton, Boone and Searcy county lines. She owns a large farm, consisting of adjoining grazing and farming land, in these three counties. There are no cross fences separating any parts of this land. Her livestock ranges freely over her farm from one county to another. She has barns and feeding lots at various points, one of which is in Boone county. She buys and sells many cattle, the number varying from time to time. Shortly before this suit was filed, she had assessed all of her personal property, including her livestock, in Newton county, the place of her residence.

The Boone county assessor, shortly before the filing of this suit below, assessed part of her livestock in Boone county and informed appellant that he was adding this assessed property to his 1940 tax records.

It is our view that appellant properly assessed the livestock in question in Newton county, Arkansas, the place of her residence, and that she should pay taxes on this property in Newton county and in no other.

Section 13652 of Pope's Digest (§ 9890 of C. & M. Digest) provides in part: "Every person of full age and sound mind shall list . . . in the county in which he resides, the personal property of which he is the owner, . . ." This section of the statute applies to the facts here.

In *Smith* v. *Union County*, 178 Ark. 540, 11 S. W. 2d 455, this court in construing the above section of the statute (then § 9890 of C. & M. Digest) providing for the listing of property for taxation held (quoting head-note): "Personal property of any attorney at law *held* properly taxed in the county wherein he maintained an office for the practice of his profession and actually lived and spent most of his time, instead of in a county where he maintained a closed, unrented and unfurnished home and office and cast his vote; his 'residence' under Crawford & Moses' Dig., § 9890, meaning his actual abode, as distinguished from his domicile."

In the instant case appellant's residence is conceded to be in Newton county. The fact that appellant's livestock ranged freely from one county to another in grazing over her farm land would not affect their situs for taxing purposes. The situs of the cattle here for taxing purposes is the residence of appellant owner. Accordingly the decree is reversed, and the cause remanded with directions to enter a decree in conformity with this opinion.